```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
_____

ELROY LADELL RICHMAN,          )
                               )
     Plaintiff,                )
                               )
v.                             )     No. 17-2342-SHM-tmp
                               )
UNITED STATES,                 )
                               )
     Defendant.                )
_____

                     REPORT AND RECOMMENDATION
_____
```

On May 15, 2017, *pro se* plaintiff Elroy Richman filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) On the same day Richman also filed a motion for leave to proceed *in forma pauperis*, which the court granted on May 19, 2017. (ECF Nos. 2, 6.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that Richman's complaint be dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(1).

## I. PROPOSED FINDINGS OF FACT

In his complaint, filed on the court's "*Pro Se* Complaint Form for Violation of Civil Rights under 42 U.S.C. § 1983," Richman names the United States as the defendant. As best as the court can tell, Richman alleges that the city of West Memphis, Arkansas placed "[a] biological internal science device" in his body to control his thoughts. (ECF No. 1 at 2.) He also alleges that "I cannot beat the device that was put in me by [the] U.S. government in court[.]" (Id.) The relief Richman seeks is to "[s]ue the states involved in taking away my freedom of speech and for using devices and medicine and sciences to do so . . . [a]nd for also putting me in continual distress for everyday they use my body as host to talk out of." (Id. at 3.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Accordingly, "[a]ccepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383

(internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

**B. Failure to State a Claim**

Richman's complaint is styled as an action brought under § 1983. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. Cnty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988) (alteration in original)). "[T]he federal government and its officials are not subject to suit under § 1983," because federal agencies are governed by federal statutes, and "federal

officials typically act under color of *federal* law." Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (internal citations and quotation marks omitted) (emphasis in original). Although Richman's complaint seems to allege actions taken by officials of the city of West Memphis, Arkansas, he names the United States as the sole defendant. Because Richman's § 1983 claim is not brought against any person acting under color of state law, it is recommended that his complaint be dismissed for failure to state a claim.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Wagenknecht v. United States, 533 F.3d 412, 417 (6th Cir. 2008); Walker v. City of Memphis, No. 15-cv-2340-JDT-tmp, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015). As detailed previously, Richman's complaint presents a narrative of events that are implausible, frivolous, and devoid of merit. Therefore, the court also recommends that the complaint be dismissed pursuant to Rule 12(b)(1).

### III. RECOMMENDATION

For the above reasons, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 24, 2017
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**