# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **ELROY LADELL RICHMAN,** | ) |
| Plaintiff, | ) |
| v. | ) No. 2:17-cv-2342-SHM-tmp |
| **UNITED STATES GOVERNMENT,** | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated May 24, 2017 (the "Report"). (ECF No. 7.) The Report recommends that the Court *sua sponte* dismiss Plaintiff Elroy Richman's claims against Defendant United States. (Id. at 18.) Plaintiff filed his objection to the Report on June 1, 2017. (ECF No. 8.)

Also before the Court are Plaintiff's Proposed Amended Complaint, filed on June 22, 2017 (ECF No. 9), Motion to Supplement, filed on December 8, 2017 (ECF No. 11), and Motion to Amend Complaint, filed on January 25, 2018 (ECF No. 12).

For the following reasons, Plaintiff's Motion to Supplement is GRANTED and Plaintiff's Proposed Amended Complaint and Motion to Amend Complaint are DENIED. The Report is ADOPTED and the action is DISMISSED.

**I.   Background**

On May 15, 2017, Plaintiff filed a *pro se* Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983.  (ECF No. 1.) The Complaint alleges that:

> A biological internal science device was strategically placed in my body by [the] West Memphis, Arkansas [government]. It means that someone high in government authorized this device to have me fall in line with them so that I could work for government again with a device forcing or speaking what they want out of me. Instead it's the other way around. I don't have a job but I am being set up by these men . . . . I cannot beat the device that was put in me by U.S. government in court because sciences and medicines and the biological internal science device blocks my thoughts when I write things down . . . .

(Id. at 3.)[1]  Plaintiff seeks to "[s]ue the states involved in taking away my freedom of speech and for using devices and medicine and science to do so. And for also putting me in continual distress for everyday they use my body as host to talk out of."  (Id. at 3.)

Also on May 15, 2017, Plaintiff applied to proceed *in forma pauperis*.  (ECF No. 2.)  On May 24, 2017, the Court entered an Order granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 6.)

On May 24, 2017, United States Magistrate Judge Tu M. Pham entered the Report.  (ECF No. 7.)  The Report recommends "that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. §

---

[1] Unless otherwise noted, all pin cites for record citations are to the "Page-ID" page number.

2

1915(e)(2)(ii) and Federal Rule of Civil Procedure 12(b)(1)." (Id. at 18.) The Report recommends that the Complaint be dismissed for lack of subject matter jurisdiction because Plaintiff's "[C]omplaint presents a narrative of events that are implausible, frivolous, and devoid of merit." (Id. at 17.) The Report concludes that Plaintiff fails to state a claim because "[Plaintiff's] § 1983 claim is not brought against any person acting under color of state law." (Id.)

## II. Jurisdiction & Standard of Review

### A. Motion to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely granted when justice requires. Leave should be granted under Rule 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted).

### B. The Report

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-

court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a Magistrate Judge's Report "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie,

4

50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (quoting Miller, 50 F.3d at 380). A general, frivolous, or conclusory objection will be treated as if no objection had been made. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" (internal quotations omitted)).

## III. Analysis

### A. Motion to Supplement

On December 8, 2017, Plaintiff filed his Motion to Supplement. (ECF No. 11.) The Motion to Supplement asks the Court "to consider this statement and to add to other information in [the] case." (Id. at 24.) The Motion to Supplement largely restates the allegations in Plaintiff's Complaint. The Motion to Supplement adds that "[p]hone records can show the truth[,] FBI can show the truth as well as the phone calls to the whitehouse showing intelligence as well as outburst of government men tak-

5

ing over my . . . ."[2]  (Id.)  The Motion to Supplement is GRANTED.

**B. Proposed Amended Complaint**

On June 22, 2017, Plaintiff filed his Proposed Amended Complaint.  (ECF No. 9.)  The Proposed Amended Complaint relies on § 1983.  The Proposed Amended Complaint alleges:

> U.S. government is allowing me to be judged in probate court with [a] biological internal science device that forces words out of me daily. The first time I did not have proper representation. Now they are looking to silence me and say I'm delusional so they can give conservatorship to a lawyer that is also my fiduciary in which conservatorship means taking away my rights to go where I want to go and do what I want to under a fair government or simply their taking away my constitutional rights with paperwork and filing and cheating me to speak correctly on my own with [a] device by law that is obstructing justice and I can't believe this going down like this in America.

(Id. at 21.)  Plaintiff seeks the following relief:

> MAKE SURE YOU PUT THIS ON RECORD TO SHOW THE PREJUDICES OF WHAT I have BEEN DEALING WITH UNDER PRESSURE OF A biological internal science device that is working in governments favor until they want to get caught. Washington and Congress and Judiciary branches rule who would be the first to tell the truth on their own programs to free me from getting railroaded for years at a time.

(Id. at 22.)

Plaintiff's Proposed Amended Complaint is futile because it could not withstand a motion to dismiss under Rule 12(b)(6).

---

[2] The remainder of the sentence is illegible.  To the extent the Court has not addressed allegations, Plaintiff has not presented sufficient factual support or spoken with sufficient clarity for the Court to understand and evaluate those allegations.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Nouri v. Cnty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "[T]he federal government and its officials are not subject to suit under § 1983." Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (internal citations and quotation marks omitted).

Plaintiff's Proposed Amended Complaint does not state a claim under § 1983 because it alleges misconduct by the United States government, which is not subject to suit under § 1983. See id. Plaintiff's Proposed Amended Complaint is DENIED.

### C. Motion to Amend Complaint

On January 25, 2018, Plaintiff filed his Motion to Amend Complaint. (ECF No. 12.) The Motion to Amend Complaint states:

> I would like to make an amendment to my cases due to U.S. Government disadvantaging me with higher sciences in 2016 and 2017 of writing what I wanted to say and that is just simply that my Civil Liberties and Constitutional rights are being violated daily. U.S. Government still have higher sciences in me till this day that disadvantages my mind capabilities and judgement with the higher sciences introduced into my body in 2016 under Memphis, TN VA and the government have control over my writing skills and what verbally comes out of my larynx or voice box. And they also have control over my limbs with the higher sciences as well with what was surgically put in me in Memphis, TN Vet-

7

> erans Affairs hospital for higher government leadership discreetly. I am asking for Federal Judges or Supreme Court Judges to award me monies for U.S. government over stepping their boundaries to assassinate my character, harassment with [a] biological internal device with a larynx and limb takeover.

(ECF No. 12 at 25.)

Plaintiff's Motion to Amend Complaint is futile because it could not withstand a motion to dismiss under Rule 12(b)(6). Plaintiff has failed to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's Motion to Amend Complaint is DENIED.

### D. The Report

Plaintiff objects to the Report, but does not specifically object to or address the Magistrate Judge's recommendation that the action be dismissed for failure to state a claim and lack of subject matter jurisdiction. Plaintiff's objection states:

> It was misstated in my paperwork drawn up by the magistrate that I had a biological internal science device that control[s] my thoughts. I actually had a biological internal science device put in me by West Memphis Arkansas gov. strategically, along with other gov. members. This device forces words out of me and has been a violation of my freedom of speech for 1 yr & counting.

(ECF No. 8 at 19.)

Plaintiff's additional factual allegations are not relevant to the Magistrate Judge's recommendation that the action be dismissed for failure to state a claim. As the Report correctly

states, "[t]o state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation [of a right] was committed by a person acting under color of state law." Nouri, 615 F. App'x at 295 (internal quotations omitted). "[T]he federal government and its officials are not subject to suit under § 1983" because federal agencies are governed by federal statutes and thus "typically act under color of *federal* law." Haines, 814 F.3d at 429 (internal citations and quotations omitted) (emphasis in original). Plaintiff's Complaint names the United States as the sole defendant. (See ECF No. 1.) Thus, Plaintiff's § 1983 claim is not brought against any person acting under the color of state law.

Defendant's objection is without merit. The Report is ADOPTED. The action is DISMISSED.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Supplement is GRANTED and Plaintiff's Proposed Amended Complaint and Motion to Amend Complaint are DENIED. The Report is ADOPTED, and the action is DISMISSED.


So ordered this 16th day of April, 2018.


/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

9